FORM TO BE USED BY A PRISONER IN FILING A CIVIL RIGHTS COMPLAINT



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(1) Roy Windom     QA9432
(Name of Plaintiff)  (Inmate Number)

SCI Huntingdon) 1100 Pike ST Huntingdon, PA
(Address) - 16654-1112

(2) _____
(Name of Plaintiff)  (Inmate Number)

_____
(Address)

(Each named party must be numbered,
and all names must be printed or typed)

vs.

(1) Jhon E. Wetzel
(2) K. Kauffman
(3) A. Scalia
(Names of Defendants)

(Each named party must be numbered,
and all names must be printed or typed)

3:21-CV-0338
(Case Number)

CIVIL COMPLAINT

**FILED
SCRANTON**

FEB 2 3 2021

Per_____
          DEPUTY CLERK

TO BE FILED UNDER: __/__ 42 U.S.C. § 1983 - STATE OFFICIALS
                   _____ 28 U.S.C. § 1331 - FEDERAL OFFICIALS

I. PREVIOUS LAWSUITS

   A. If you have filed any other lawsuits in federal court while a prisoner, please list the caption and case number including year, as well as the name of the judicial officer to whom it was assigned:

   _____
   _____
   _____

1

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

In order to proceed in federal court, you must fully exhaust any available administrative remedies as to each ground on which you request action.

A. Is there a prisoner grievance procedure available at your present institution? ✓ Yes ___ No

B. Have you fully exhausted your available administrative remedies regarding each of your present claims? ✓ Yes ___ No

C. If your answer to "B" is Yes:

1. What steps did you take? I exhausted all needed administrative remedies, presenting the facts as the happened and needed relief.

2. What was the result? They were denied with misleading facts to actual events that occured, to create grounds to deny relief

D. If your answer to "B" is No, explain why not: _____

## III. DEFENDANTS

(1) Name of first defendant: Jhon E. Wetzel
Employed as Secretary of Corrections at Pennsylvania Dept. of Corr
Mailing address: ~~[crossed out]~~ → central office, 1920 Technology Parkway, Mechanicsburg PA 17050-8028

(2) Name of second defendant: K. Kauffman
Employed as Superintendent at SCI Huntingdon
Mailing address: SCI Huntingdon - 1100 Pike ST. Huntingdon PA 16654-1112

(3) Name of third defendant: A. Scalia
Employed as Safety manager at SCI Huntingdon
Mailing address: SCI Huntingdon - 1100 Pike ST Huntingdon PA 16654-1112

(List any additional defendants, their employment, and addresses on extra sheets if necessary)

## IV. STATEMENT OF CLAIM

(State here as briefly as possible the facts of your case. Describe how each defendant is involved, including dates and places. Do not give any legal arguments or cite any cases or statutes. Attach no more than three extra sheets if necessary.)

1. On August 30, 2020 a fire broke out on the fourth tier cell 11 on CA block at SCI Huntingdon. Inmate Windom resided on the third tier cell 340. Upon the sounding of the emergency Alarm inmate

2

Windom became aware of a emergency inmate Windom beyond

2. the 2 min mark was let out of cell escorted by SGT Polinimick to go pass 2 clear paths to safety one of these paths being the primary emergency exit, through toxic smoke aswell as the water hazard created by the sprinkler system to the back of CA

3. block, Huddled together with about 20 to 30 other inmates. on the other side of the smoke filled bottom tier. with no where to go inmate Windom aswell as other inmates noticed staff were unable to find keys to secondary emergency exit. Staff from CB block Unlocked supply cage which connected both CA & CB block (a narrow supply cage.)

## V. RELIEF

(State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.)

1. A review and inspection of procedure, aswell as safety systems at SCI Huntingdon (Sprinkler system exavot system up to date safty measures, etc) SCI Huntingdons overall ability to house inmate safely.

2. $100,000 in Compensatory damages, per defendent or as the court sees fit per defendent, for there neglegence of proper safety procedures

3. $150,000 in Punitive damages, as a grop or the court see's fit as a grop.
   - Aswell as any other compensation the court sees fit for their continued use of a condemned facility

3

The incident

On August 30, 2020 a fire broke out on CA block in cell 4011 at SCI Huntingdon. The emergency alarm system sounded with no announcement of an actual emergency over the PA system. After several minutes of this I noticed inmates being evacuated through CB block and heard conversation of a fire on the other side of the cell block. This prompted myself and others to begin yelling to be let out. After finally being let out of our cell we began to follow SCFT Polimick through to CB block when we were stopped by this same SCFT and directed pass the primary exit to go through thick smoke, toxic fumes and the unseen water hazard created by the spriller system to the back of CA block with about 20-30 other inmates, to the secondary exit.

We then noticed that staff had intended for us to exit through the secondary exit, but could not find the key to this exit or the key itself did not work. this went on between 5-10 minutes as staff still worked to put the fire out. When staff from the neighbory block opened a narrow supply cage to let us exit with the inmates from CB block. According to staff we were led away from the infected area and they attempted to avoid a covid infected area, aswell to be able to account for the inmate population on CA block. This can be contridicted by their intentions to exit us through the secondary exit into Cyard which we occupied at the time aswell as the other two main yards at the time, and staff not knowing who went out to yard and who didn't which would mean they would have to account for the entire block. There is also the covid infected area of CB block which we had to exit with anyway with no testing afterwards.

It's understood to some degree the fire wasn't staff's fault even though the cause of it is still unclear, but the procedure which was implemented in the station and staff's lack of preparation during the crisis combined with the outdated safety measures of SCI Huntingdon. The facility lacks up to date safety measure which increases bodily harm or death in the case of a serious emergency. The exhaust system did not function properly, smoke from the fourth tier made it all the way to the first level which created a thick wall of smoke and fumes which settled and begin to spread about 9 cells deep. There was no announcement of a emergency or directions as to exit plan which caused a delay in exiting with not clear exit procedures. Then there was the key to the secondary exit which staff couldn't find or didn't work something that should have been exposed in drilling and routine inspections. Which would mean staff didn't drill or turned a blind eye to the very clear violation and cleared this problem, which could have caused serious injury or death. Inspections which should have been overseen by A. Scalia the safety manager at SCI Huntingdon. Inspections that should have been conducted by in house aswell as outside sources including License and Inspection, the county fire Marshall, reports that should have ened up on the desk of the Superintendent, K. Kauffmans. Which would mean that if these reports indicated the unsafe nature of the outdated facility again a blind eyes was turned to the danger. License and Inspection reports indicate C.A. block is condemned along with other parts of the facility. There are no automated systems at SCI Huntingdon as far a lock mechanisms for the door which means in the case of a emergency staff have to unlock a tier bar and at time individually lock 166 doors. There are also no call boxes which delays response time in the case of a emergency. J. Wetzel is the Secretary of prisons his office oversees the building and closing of facilities inspections

safty concerns aswell as the housing of inmates at any given facility his office continues to disregard safety concerns at SCI Huntingdon concerns that should have been made known to his office through inside as well as outside sources. These claims are brought because of the ongoing neglect at SCI Huntingdon of the safety of the inmate population.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 15th day of January, 20 21.

_____
(Signature of Plaintiff)

4

Name Roy Windom
Number QA9432
1100 Pike Street
Huntingdon, PA 16654-1112

INMATE MAIL
PA DEPARTMENT
OF CORRECTIONS



U.S. POSTAGE >> PITNEY BOWES

ZIP 16652  $ 000.71⁰
02 4W
0000372161 FEB 11 2021

RECEIVED
SCRANTON

FEB 23 2021

PER_____ DEPUTY CLERK

Clerk Of Courts
William J. Nealon Federal Building
& US Courthouse
235 N. Washington Ave., P.O Box 1148
Scranton PA, 18501-1148

Inmate Mail - PA DEPT OF CORRECTIONS          i850i3ii48 BO99