UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROY WINDOM, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:21-0338 |
| v. | : | (JUDGE MANNION) |
| JOHN E. WETZEL, *et al.*, | : | |
| Defendants | : | |

**MEMORANDUM**

**I. BACKGROUND**

Plaintiff, Roy Windom, an inmate confined at the State Correctional Institution, Huntingdon ("SCI-Huntingdon"), Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1). The action proceeds via an amended complaint. (Doc. 12). The named Defendants are former DOC Secretary John Wetzel, SCI-Huntingdon Superintendent Kauffman, and SCI-Huntingdon Safety Manager Scalia. Id. Plaintiff seeks compensatory and punitive damages for an incident that occurred on August 30, 2020, when a fire broke out on a fourth-tier cell. Id.

Presently before the Court is Defendants' motion to dismiss Plaintiff's amended complaint. (Doc. 18). The motion is fully briefed and is ripe for

disposition. For the reasons that follow, the Court will grant Defendants' motion to dismiss.

## II. ALLEGATIONS IN AMENDED COMPLAINT

Plaintiff's amended complaint states in toto:

> I was not made aware that an actual emergency was taking place. The alarm sounded but no announcement was made.
>
> I had to continually yell out of my cell to be let out. It took almost 5 mins+ to be let out of my cell from the sounding alarm.
>
> I was led pass two clear paths to safety, through toxic smoke and fumes and the water hazard created by the sprinkler system by the Supervising Sgt. to the secondary exit where staff either couldn't find the key, or the key they had didn't work for the exit gathered with about 20 to 30 other inmates. We were led through a narrow utility closet that connected the CA to CB block which was labeled as a Covid block at the time to safety, wit not testing afterwards. At the time of the fire, I was unaware of the extent and location of the emergency, as well as the cause of the fire. I am still unaware of the cause of the fire.

(Doc. 12, Amendment Complaint).

Plaintiff filed the instant action, claiming he has an Eighth Amendment right to be free "from cruel and unusual punishment, unconstitutional safety hazards, fire safety, evacuation procedures, deliberate indifference." Id. He claims that as a result of the incident, he suffered "mental emotional distress from the thought of serious bodily injury and or death." Id.

Specifically, as to each Defendant, Plaintiff claims the following:

> K. Kauffman is the Superintendent at SCI-Huntingdon. His job is to oversee two Deputy Superintendents. At the time of this incident, it wasn't clear who the Deputy Superintendent was for facilities management. It is the Superintendent's job to oversee the safety of the inmates at SCI-Huntingdon as well as other duties; inspection of the safety systems, safety procedure and the hazard the overall conditions of the facility pose to the inmate population and staff. There is all the needed upkeep and upgrading of the safety systems. Being these systems failed is a direct neglect of the task.
>
> A. Scalia is the Safety Manager at SCI-Huntingdon. His job is to oversee the safety measures, systems and procedures at SCI-Huntingdon and report any problems or needed repairs with these systems to ensure the continued safety and running o inmates and staff at SCI-Huntingdon being these systems failed is a direct neglect of these tasks.
>
> J. Wetzel is the Secretary of Prisons for the Pennsylvania DOC. His job or the job of his office is the oversight of the Pennsylvania Prison System, from the upkeep of the facilities to the maintenance, demolition and the building of new facilities being that the systems at SCI-Huntingdon are outdated because of the continued use of outdated and obsolete facility that in some regards is condemned by [ ] is a continued neglect of him and his office.

Id.

### III. LEGAL STANDARDS

#### A. Motion to Dismiss

Federal notice and pleading rules require the complaint to provide the defendant notice of the claim and the grounds upon which it rests. See Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008). The plaintiff

- 3 -

must present facts that, accepted as true, demonstrate a plausible right to relief. See Fed. R. Civ. P. 8(a). Although Federal Rule of Civil Procedure 8(a)(2) requires "only a short and plain statement of the claim showing that the pleader is entitled to relief," a complaint may nevertheless be dismissed under Federal Rule of Civil Procedure 12(b)(6) for its "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6).

When ruling on a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and all reasonable inferences that can be drawn from them, viewed in the light most favorable to the plaintiff. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). To prevent dismissal, all civil complaints must set out "sufficient factual matter" to show that their claims are facially plausible. See Iqbal, 556 U.S. at 678; Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct: "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.' " See Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)).

Accordingly, the Third Circuit has identified the following steps that a district court must take when reviewing a 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010) (internal citations and quotation marks omitted). The Third Circuit has specified that in ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." See Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010) (citing Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)).

In the context of *pro se* prisoner litigation, the court must be mindful that a document filed *pro se* is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can be dismissed for failure to state a claim only if it

appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### B. Section 1983 Standard

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. §1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. See Harvey v. Plains Twp.

Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

IV. **DISCUSSION**

Defendants seek dismissal, claiming Windom failed to establish a violation of the Eighth Amendment. (Doc. 20, pp. 5-7). The Eighth Amendment protects prison inmates from cruel and unusual punishment. See Farmer v. Brennan, 511 U.S. 825, 832 (1994). However, not all deficiencies and inadequacies in prison conditions amount to a violation of a prisoner's constitutional rights. Rhodes v. Chapman, 452 U.S. 337, 349 (1981). To assert an Eighth Amendment conditions of confinement claim, a prisoner must satisfy both an objective and subjective test. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). Specifically, a prisoner must show that the alleged deprivation is "sufficiently serious" and that he has been deprived of the "minimal civilized measure of life's necessities." Farmer, 511 U.S. at 834. A prisoner must also demonstrate that "he is incarcerated under conditions posing a substantial risk of serious harm" and that prison officials possessed a "sufficiently culpable state of mind" and demonstrated "deliberate indifference" to his health or safety. Id. However, only "extreme deprivations" are sufficient to present a

claim for unconstitutional conditions of confinement. Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

Moreover, an Eighth Amendment violation premised upon a failure to protect an inmate from a dangerous physical condition inside a prison, must provide that in this setting:

> Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." A defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." A defendant must have "actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from the defendant's failure to prevent it." This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." Negligence does not satisfy the "deliberate indifference" standard, and it is not enough to show that a prison guard merely failed to act reasonably. Deliberate indifference can be inferred only where defendants know there is a strong likelihood rather than a mere possibility that violence will occur. Prison officials cannot be expected to eliminate the possibility of all dangers. Thus, the right to reasonable protection does not include the right to protection from random acts.

Barrand v. Donahue, No. 06–694, 2006 WL 2982051, *2 (N.D.Ind.Oct.16, 2006) (citations omitted).

Windom has not established that Defendants were deliberately indifferent to his health or safety. He alleges he was evacuated to safety but did not like the route of the evacuation. To the extent Plaintiff may have inhaled some smoke during the evacuation for a very short period of time,

this is not remotely the type of deprivation that states an Eighth Amendment claim. See Price v. Carroll, 2008 WL 170530, *7-8 (D. Del. Jan. 17, 2008) (dismissing similar Eighth Amendment claim as frivolous where inmate was evacuated from cell due to fire, returned to cell and evacuated again).

Thus, the Plaintiff failed to establish that the deprivation alleged was objectively, sufficiently serious, and that Defendants acted with deliberate indifference to an excessive risk to his health and/or safety as required by Farmer. Consequently, the Court will grant Defendants' motion to dismiss Plaintiff's Eighth Amendment complaint.

Moreover, to the extent that Plaintiff seeks to recover damages for mental and emotional distress "from the thought of serious bodily injury or death," his claim fails. With respect to mental and emotional injury, federal law provides that:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.

42 U.S.C. §1997e(e). The Third Circuit has analyzed the physical injury requirement in §1997e(e) to require more than a *de minimis* physical injury. Mitchell v. Horn, 318 F.3d 523, 535 (3d Cir. 2003). In Mitchell, the Third Circuit stated:

> We believe that reading 1997e(e) to allow a plaintiff to allege any physical injury, no matter how minor, would produce an unintended (indeed absurd) result. Were we not to read 1997e(e) as requiring more than a *de minimis* physical injury, we would turn its physical injury prerequisite into a mere pleading requirement, thereby rendering the requirement meaningless as a practical matter.... We therefore follow the approach of the Fifth, Ninth, and Eleventh Circuits in requiring a less-than-significant-but-more-than-de-minimis physical injury as a predicate to allegations of emotional injury.

Id. at 535-36.

In this instance, Plaintiff does not allege that the named Defendants, through their alleged deliberate indifference, caused him any kind of more-than-de-minimus physical injury. To the extent that Plaintiff alleges that he was evacuated "through toxic smoke and fumes and the water hazard created by the sprinkler system", which caused him panic, and anxiety, he does not allege that he was physically injured in any way as a result of the evacuation. Thus, Defendants' motion to dismiss Plaintiff's Eighth Amendment claim based on the allegation that their deliberate indifference caused Plaintiff mental and emotions distress will be dismissed.

Additionally, Plaintiff appears to assert liability on Defendants based on their violation of DOC policy regarding fire procedures during his evacuation. However, a violation of an internal prison policy does not automatically rise to the level of a constitutional violation. "[A] prison policy manual does not have the force of law and does not rise to the level of a

constitutional violation." Atwell v. Lavan, 557 F.Supp.2d 532, 556, n. 24 (M.D. Pa. 2008) (citing Mercy Catholic Med. Ctr. v. Thompson, 380 F.3d 142, 154 (3d Cir. 2004)). The Third Circuit has clearly stated that "agency interpretive guidelines 'do not rise to the level of a regulation and do not have the effect of law.' " Mercy Catholic Med. Ctr., 380 F.3d at 155 (citation omitted). Consequently, Defendants cannot be liable simply for violating a prison policy.

Finally, Plaintiff's claims that each Defendants was negligent in their handling of the evacuation. Plaintiff's allegations, at most, allege that Defendants were negligent in their duty to protect him from hazardous conditions, which is insufficient to state a claim under the Eighth Amendment. See Farmer, 511 U.S. at 835. See also Daniels v. Williams, 474 U.S. 327, 331–32, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986) (confirming that negligent acts of officials which cause unintended loss or injury do not rise to a constitutional level). Thus, Defendants' motion to dismiss will be granted.

## V. LEAVE TO AMEND

The Third Circuit has instructed that if a civil rights complaint is vulnerable to dismissal for failure to state a claim, the district court must

permit a curative amendment, unless an amendment would be inequitable or futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

Here, it is clear from the facts alleged in the *pro se* amended complaint that any attempt to amend the Plaintiff's §1983 claims against the named Defendant would be futile. See Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). Thus, the Court will dismiss the Plaintiff's §1983 claims without leave to amend.

## V. CONCLUSION

For the reasons set forth above, the Court will grant Defendants' motion to dismiss. (Doc. 18).

A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: March 14, 2022**
21-0338-01